# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No. 8:08-cr-163-KKM-TGW

CURTIS NORRIS,

    Defendant.

_____

## ORDER

On January 15, 2009, Curtis Norris received a sentence of life imprisonment after a jury found him guilty of two counts of conspiracy and four counts of possession of controlled substances with intent to distribute. *See* Judgment (Doc. 70) at 1–2. In June 2021, the Court reduced Norris's sentence under Section 404 of the First Step Act, which retroactively lowered statutory penalties for certain offenses involving crack cocaine. *See* (Doc. 137). Norris's total sentence decreased to 300 months' imprisonment, to be followed by 96 months of supervised release. *See id.* at 6–7. Norris moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), Mot. (Doc. 140), and the government responds, Resp. (Doc. 142). In the light of the Supreme Court's recent decision in *Rutherford v. United States*, No. 24–820, 608 U.S. ____, 2026 WL 1485535 (U.S. May 28, 2026), I deny the motion.

## I.    LEGAL STANDARD

Subject to ordinary appellate and collateral review, sentences of imprisonment are generally final. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1) sets out one exception, commonly called "compassionate release." *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam). For a motion for compassionate release to be considered on the merits, a prisoner must either exhaust his administrative remedies with the Bureau of Prisons, or else the prisoner's warden must fail to act on a request for compassionate release within thirty days of receipt. 18 U.S.C. § 3852(c)(1)(A). That threshold requirement being met, a court may order compassionate release only if (1) "extraordinary and compelling reasons warrant" release, (2) the factors in 18 U.S.C. § 3553(a) support release, and (3) release is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *accord United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021). "Because all three conditions — *i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement — are necessary, the absence of even one would foreclose a sentence reduction." *Handlon*, 97 F.4th at 832 (quoting *Tinker*, 14 F.4th at 1237–38).

## II.   ANALYSIS

Despite Norris's already-reduced sentence, he asserts that he "is facing an unusually long sentence," which he contends creates a gross disparity between him and similarly situated defendants sentenced today. *See* Mot. at 2–4. According to Norris, this sentencing disparity—caused by intervening changes in the law—counts as an "extraordinary and compelling reason[]" warranting further reduction. *See* Mot. at 2 (citing U.S.S.G. § 1B1.13(b)(5)– (6)). More specifically, Norris claims that his sentence was enhanced based on prior felonies that would no longer be considered today under two statutes: the First Step Act and the Agriculture Improvement Act of 2018 (the 2018 Farm Bill). *Id.* at 3–6; Reply (Doc. 143). Each argument fails.

First, Norris received a mandatory term of life imprisonment because of enhancements under 21 U.S.C. §§ 841(b)(1) and 851 for his prior Florida "felony drug offenses" related to possessing and distributing marijuana. *See* (Doc. 33); (Doc. 137) at 2–3. But according to Norris, if he were sentenced today under the First Step Act, the Section 851 enhancement would not apply and he "would face a penalty range of fifteen years: half of the minimum mandatory sentence he currently has." Reply (Doc. 143) at 4. To be sure, the First Step Act altered the sentencing scheme at issue. "[S]ection 401 of the First Step Act made changes to certain § 851 penalty enhancements for repeat offenders. In

3

effect, it changed the type of prior offenses that can trigger enhanced penalties from 'felony drug offenses' to 'serious drug felonies.'" *United States v. Mathews*, 837 F. App'x 701, 703 (11th Cir. 2020) (citing First Step Act § 401(a); 21 U.S.C. § 841(b)(1)(A), (B) (2020)). Critically, however, "Section 401 of the First Step Act is not retroactive; it applies only to offenses committed before the Act's enactment if a sentence for the offense has not been imposed as of such date of enactment." *United States v. Decker*, No. 21-12391, 2022 WL 1099067, at *1 (11th Cir. Apr. 12, 2022) (per curiam).

Because Section 401 is not retroactive, *Rutherford* forecloses Norris's argument that I may consider Norris's "unusually long sentence" as an "extraordinary and compelling reason[]" for compassionate release under U.S.S.G. § 1B1.13(b)(6). In *Rutherford*, the Court explained that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling reason that warrants a sentence reduction." 2026 WL 1485535, at *6 (citing 18 U.S.C. § 3582(c)(1)(A)(i)) (citation modified). Put differently, "[t]he statutory text and structure of [18 U.S.C. § 3582(c)(1)(A)(i)] make clear that Congress's nonretroactive change to [a sentencing law]—considered by itself or in combination with other factors— cannot make a prisoner eligible for compassionate release. To the extent that

4

[Section 1B1.13(b)(6)] counsels otherwise, the Commission's policy statement is invalid." *Id.* Norris is therefore not entitled to a reduction in his sentence on this basis.[1]

Second, Norris contends that, after the enactment of the 2018 Farm Bill, "the Florida laws regarding marijuana plants are broader than the fe[]deral definition, in that Florida considers all parts of the marijuana plant [including hemp] to be a Schedule I drug." Mot. at 3. In Norris's view, this purported incongruity means that at least one of his prior Florida marijuana convictions would be ineligible for a Section 851 enhancement if he were sentenced today. *See id.*; Reply at 6. Norris is incorrect. As the government explains, "when comparing drug definitions to determine whether a state offense is a valid predicate for a federal sentencing enhancement, a court must look to the definitions that were in place at the time the state offense was committed, not the time of the federal sentencing." Resp. at 8 (citing *Brown v. United States*, 602 U.S. 101, 123 (2024)). Norris committed the sentence-enhancing Florida marijuana offenses in 2000, 2003, and 2006. *See* (Doc. 33). At those times, the

---

[1] Norris also posits that his lengthy sentence qualifies as an extraordinary and compelling reason for relief "under the catchall provision of 1B1.13(b)(5)." Mot. at 2. While *Rutherford* is equally fatal to this argument, I note that neither the length of a sentence nor a change in the law are similar in kind or "similar in gravity to those [circumstances] described in paragraphs (1) through (4)," which focus on the defendant's medical circumstances, age, family, and abuse while in custody. *See* U.S.S.G. § 1B1.13(b)(1)–(4).

federal definition of marijuana included hemp, as did Florida's definition. *See* § 893.02, Fla. Stat. (2019). In any event, Norris makes no argument that the 2018 Farm Bill has retroactive sentencing effect. Thus, *Rutherford* would independently bar its consideration as a basis for compassionate release.

Ultimately, insofar as Norris maintains that his "unusually long sentence" of 300 months' serves as the requisite "extraordinary and compelling reason[]" for a sentence reduction, his position is foreclosed.

\*       \*       \*

Accordingly, Norris's motion for compassionate release or a reduction in sentence (Doc. 140) is **DENIED.**

**ORDERED** in Tampa, Florida, on May 29, 2026.

Kathryn Kimball Mizelle
United States District Judge

6